FILED
2017 May-25 PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MITCHELL MCATEER,** *on Behalf Of Himself and all Others Similarly Situated,* | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) |
| **DCH REGIONAL MEDICAL CENTER; DCH HEALTH SYSTEMS; AVECTUS HEALTHCARE SOLUTIONS, LLC;** | )<br>)<br>)<br>)<br>) **CIVIL ACTION NO:** |
| **Defendants,** | )<br>) |
| v. | )<br>) |
| **BLUE CROSS BLUE SHIELD of ALABAMA; and** | )<br>)<br>) |
| *nominal* **Defendant.** | ) |

## CLASS ACTION COMPLAINT

COMES NOW PLAINTIFF MITCHELL MCATEER, by and through counsel, allege as follows against Defendants jointly and severally:

## NATURE OF THE ACTION

1. This is a multi-plaintiff private action seeking compensatory damages for Plaintiff named above.

2. Plaintiff are individuals who received medical treatment at hospital facilities owned and/or operated by the DCH Regional Medical Center and/or were the subject of collection efforts by the DCH Health systems Defendants and/or their debt collection agent Avectus Healthcare Solutions, LLC ("Avectus").

3. Plaintiff bring this case against Defendants because:

a. DCH Regional Medical Center and their debt collection agent Avectus wrongfully sent improper collection notices and collected payments for medical services in amounts that violate
   i. the terms of the Services Provider Agreement entered into by Defendants DCH Regional Medical Center, DCH Health systems with Blue Cross and Blue Shield of Alabama ("BCBSA") of which Plaintiff Mitchell McAteer is a member,
   ii. the terms of the Services Provider Agreement entered into by Defendants DCH Regional Medical Center, DCH Health systems with Blue Cross and Blue Shield of which Plaintiff are a member,
   iii. the terms of the DCH Defendants' offer (the "Offer") to Plaintiff to treat them as an in-network provider of health care services pursuant to the terms of applicable Services Provider Agreement,
   iv. the terms of the General Consent for treatment executed by Plaintiff with DCH Health Systems, and
   v. Alabama debt collection laws.
b. DCH Regional Medical Center breached its duty as attorney-in-fact for Plaintiff by seeking reimbursement from Plaintiff beyond the contractually agreed amounts due for the medical services provided.
c. Consequently, Plaintiff has suffered damages and is entitled to the relief set forth herein.

## PARTIES

4. Plaintiff MITCHELL MCATEER is an individual over the age of nineteen residing in the state of Alabama.

5. Defendant, DCH Health Systems, Inc., is a domestic non-profit corporation organized under Alabama Law and providing medical services to the general public of which the Plaintiff were members on the occasion made the basis of this complaint. Furthermore, on the occasions made the basis of this complaint, Plaintiff Mitchell McAteer was receiving medical treatment at the DHS location known as DCH Regional Medical Center.

6. Defendant DCH Regional Medical Center is an affiliation of Defendant DCH Health systems, an Alabama corporation headquartered in and with their principal place of business in Northport, Alabama (collectively referred to as "DCH").

7. Defendant Avectus Healthcare Solutions LLC ("Avectus") is a Delaware corporation, with its principal place of business in Corinth, Mississippi, licensed to do business in the State of Alabama by the Alabama Secretary of State with its registered agent located in Montgomery, AL.

8. Nominal Defendant Blue Cross and Blue Shield of Alabama is a domestic non-profit corporation formatted in Jefferson County, Alabama as a subsidiary an independent licensee of Blue Cross and Blue Shield Association, with its principal place of business headquartered in Chicago, Illinois.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to the Class Action fairness Act, 28 USCA § 1332, because the amount in controversy exceeds $5,000,000 and the Plaintiff is a citizen of a State different from defendant Avectus. Venue is proper in this Court because Plaintiff resides in this judicial district, purchased the product at issue in this judicial district, and defendants DCH Health Systems, DCH Regional Medical Center, Avectus and Blue Cross Blue Shield does business in this District on a continuous and ongoing basis. This Court can assert jurisdiction over both Defendants without offending traditional notions of justice and fair play as both Defendants had continuous and systematic business within the State of Alabama and Defendants have purposefully and knowingly injected their product into the stream of commerce with the intent that they be bought and sold within the State of Alabama.

## FACTS

10. Defendants screen all patients and make a determination regarding the reason for treatment and whether there may be sources of payment other than health insurance available.

11. Upon information and belief, if the patient is identified as one whose medical bills may be recoverable from another source, Defendants refuse to submit that patient's medical bills to his or her health insurance carrier or submit the bills to health insurance, and sometime thereafter, remit those funds back to health insurance after receiving payment from another source.

12. Defendants engaged in these practices even though Defendants are contractually required to submit said bills to the health insurance carrier, accept the payment from health insurance in satisfaction of the bill, not seek payments from any additional sources, and hold the patient harmless from any amounts owed other than co-pays and/or deductibles.

13. While refusing to submit medical bills to the patients' health insurance carrier and accept the payment in satisfaction of the bill, Defendants routinely seek payment for the medical bills from those same patients, either directly or indirectly.

14. Defendants seek payment for medical bills through means including demanding cash payment directly from the patients, placing unlawful liens upon patients' third-party tort claims, seeking medical payment benefits from the patients' auto insurers, turning said patients over to collection agencies, and/or reporting said patients to credit bureaus (thereby impairing the patients' credit score), inter alia.

15. Defendants pursue such course of conduct despite the patients having health insurance and being contractually entitled to have their medical bills submitted to their health insurance carrier for payment.

16. Upon information and belief, Defendants are required by their contracts with patients' health insurance carriers to submit insured patients' medical bills directly to the carriers. Likewise, Defendants were required to submit Plaintiff medical bills to their health insurance carrier.

17. Defendants are required to honor a contractual discount with their patients' health insurance carriers and accept discounted payment from those health insurance carriers in full satisfaction of the patients' debts.

18. Upon information and belief, Defendants are precluded by contracts with private health insurance carriers (such as the named Plaintiff's insurer, Blue Cross Blue Shield) from seeking payment for covered services from other sources, including from the patient directly, medical payment benefits from the patients' auto insurer, turning the bills over to collections, and/or filing liens against patients' property, including personal injury claims.

19. Defendants fail to inform patients at the time of treatment that they will not honor the patient's health insurance if the circumstances create the possibility of another source of recovery.

20.     Defendants represent to patients, including the named Plaintiff in this case, that Defendants will submit the patient's bill to health insurance and will accept that payment in satisfaction of the patient's bill.

21.     Defendants enter into contracts with patients, including the named Plaintiff in this case, which assigns and authorizes payment to Defendants by the patient' health insurance carrier. This agreement also indicates that Defendants will submit the patient's charges to health insurance and that the patient will only be responsible for charges not covered by the assignment of insurance benefits (i.e. co-pays and deductibles).

22.     Such patients are unable to submit their medical bills directly to their health insurance carrier as Defendants are the entities responsible for such submission. Defendants are the only entities in possession of the information required to make such a submission, and Defendants are the entities that have a contract with the health insurance carrier for a reduced compensation for treating patients with health insurance.

23.     Through Defendants' bill collection practices, they attempt to optimize the amount received for services rendered by seeking from patients the full amount billed (or more than Defendants are entitled to for the covered treatment), rather than accepting the discounted amount it has agreed to accept from the patient's health insurance carrier.

24.     By employing such a policy and business model, Defendants have unlawfully violated the rights of Plaintiff as described more particularly below.

25.     Further, such conduct of Defendants and their agents, for which they are directly and indirectly responsible, is outrageous, intentional, willful, wanton, and malicious, and otherwise shows a complete indifference to or conscious disregard of the rights of Plaintiff such that punitive damages are appropriate and warranted.

## FACTS PERTINENT TO PLAINTIFF MITCHELL MCATEER

26.     On or about November 18, 2015, Plaintiff Mitchell McAteer presented himself to Defendants for emergency medical services, resulting from an automobile accident.

27.     At the time of treatment, Plaintiff had valid health insurance coverage with Blue Cross and Blue Shield of Alabama.

28.     At the time of treatment, Defendants did not inform Plaintiff that Defendants would not accept Plaintiff's health insurance. Nor did Defendants explain they would be seeking

the balance of Plaintiff's medical bills from him personally, by billing his medical payments coverage, or by placing a lien against his third-party tort claim.

29. Defendants did not inform Plaintiff that Defendants would be pursuing a third-party lien against his personal injury recovery.

30. Defendants are required by contracts with Plaintiff health insurance carrier, Blue Cross and Blue Shield to submit medical bills of insured patients directly to the carrier for payment.

31. Plaintiff was entitled to a contractual reduction in the amount of his medical bills charged by Defendants pursuant to his insurance carrier's agreement with Defendants, and to have those bills paid by his health insurance carrier.

32. Defendants are precluded by their contracts with Plaintiff's health insurance company from seeking payment for covered benefits from other sources, including seeking payment directly from Plaintiff, seeking medical payment benefits from Plaintiff's auto insurer, turning the bills over to collections, and/or filing a lien on Plaintiff's property, such as a third-party tort claim.

33. Despite the fact that Plaintiff did not owe Defendants any debt, on July 20, 2016, Defendant sent Notice of Statutory Lien in the amount of $ 4,321.50 to Plaintiff.

34. Defendants sought payment and/or asserted a lien on the third-party motorist claim through the Jefferson County Probate Office.

35. Defendants did not inform Plaintiff that Defendants had a contract with Blue Cross and Blue Shield, requiring Plaintiff's charges be submitted to Blue Cross and Blue Shield for payment and that Defendants were precluded from pursuing any charges from Plaintiff and/or any asset of Plaintiff including, but not limited to, filing a lien on Plaintiff's third-party personal injury recovery.

36. Defendants were paid $ 2,881.00 to satisfy Defendants' lien.

37. Any amount paid to Defendants to satisfy the lien was paid based on the wrongful conduct of Defendants.

38. Plaintiff did not have full knowledge of the facts surrounding Defendants' improper lien.

## CLASS ALLEGATIONS

39. Plaintiff individually and on behalf of the proposed Class incorporates all preceding allegations of their Class Action Complaint ad though fully set forth herein.

40. This action is brought as a Plaintiff Class and sub class pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on his own behalf and all others similarly situated, as representative of the following Class:

   a. All Alabama residents who have received any type of healthcare treatment from any entity located in Alabama that is owned or affiliated with Defendants DCH Regional Medical Center and/or Defendant DCH Health Systems while being covered by valid commercial health insurance, and whose medical bills resulting from that treatment were either not submitted to health insurance for payment or were submitted and thereafter Defendants refunded those payments to their health insurance carriers and Defendants obtained payment for those bills directly from the patient, from an auto insurer, and/or from the patient's third-party tort recovery (hereinafter "Class Members "A" or "the Class "A"). This class is to be represented by named Plaintiff, Mitchell McAteer.

41. The particular members of the Class are capable of being described without difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession or control of Defendants.

42. The Class consists of hundreds and perhaps thousands of individual members and is, therefore, so numerous that individual joinder of all members is impractical.

43. There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class and, in fact, the wrongs suffered and remedies sought by Plaintiff and the other members of the Class are premised upon an unlawful scheme perpetuated uniformly upon all the Class Members. The principal common issues include, but are not limited to the following:

   a. Whether Defendants entered into express and/or implied agreements with various health insurance carriers providing, among other things, that health insurance claims should be promptly submitted to the carriers for payment;

   b. Whether Defendants violated their contracts with various health insurance carriers by not submitting medical bills to the carrier;

    c. Whether Defendants violated their contracts with various health insurance carriers by pursuing recovery for services rendered by placing liens upon patients' property (such as third-party tort claims), pursuing medical payment benefits from auto insurers, pursuing payment directly from the patients, and/or turning patients' accounts over to collections;

    d. Whether Defendants violated their contracts with various health insurance carriers by not offering a contractually agreed discount to patients covered by said policies;

    e. Whether Defendants have violated their contracts with Plaintiff and the Class Members by seeking payment for charges that were covered by valid commercial health insurance;

    f. Whether Defendants improperly refused to submit the Plaintiff and the Class Members' medical bills to Plaintiff and the Class Members' health insurance carriers for payment;

    g. Whether Defendants profited by refusing to submit said medical bills to said health insurance carriers for payment;

    h. Whether Defendants have been unjustly enriched at the Plaintiff and the Class Member's expense through the above described misconduct;

    i. Whether Defendants breached their duty of good faith and fair dealing to the Plaintiff and the Class through the above described misconduct;

    j. Whether Defendants are liable to Plaintiff and the Class Members based on a claim on money they have received;

    k. Whether Defendants should be enjoined from continuing their Improper and unlawful billing practices as described above.

44. Plaintiff's claims are typical of those of the Class and are based on the same legal and factual theories as outlined above.

45. Plaintiff and his counsel will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no claims antagonistic to those of the Class. Plaintiff has retained competent and experienced counsel who has prosecuted dozens of complex class actions within Alabama and across the nation. Undersigned counsel is committed to the vigorous prosecution of this action.

46. Certification of a plaintiff Class is appropriate in that Plaintiff and the Class Members seek monetary damages, common questions predominate over any individual questions, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy. A plaintiff class action will cause orderly and expeditious administration of the Class Members' claims. Economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured by certification of the class. Moreover, the individual Class Members are unlikely to be aware of their rights and are not in a position (either through experience or financially) to commence individual litigation against Defendants and their vast resources.

47. Without the Class representation provided by Plaintiff, virtually no Class members will receive legal representation or redress for their injuries; Plaintiff and counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and Class counsel are aware of their fiduciary responsibilities to the class members and are determined diligently to discharge those duties by vigorously seeking the maximum possible recovery for the Class.

48. Alternatively, certification of a plaintiff Class is appropriate in that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for Defendants. In addition, as a practical matter, adjudications with respect to individual members of the Class would be dispositive of the interests of the other members not parties to the adjudications, or would at the very least substantially impair or impede their ability to protect their interests.

49. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

50. Class certification is appropriate under Rule 23(b) (2) FRCP with respect to plaintiff's demands for injunctive and declaratory relief against defendant because defendant has acted on grounds generally applicable to the Class as a whole.  Therefore, the final injunctive and declaratory relief sought in this case is appropriate with respect to the Class and any applicable Subclass as a whole.

51. Class certification is also appropriate under Rule 23(b)(3) FRCP with respect to Plaintiff's demand for damages because common questions of fact or law will predominate in

determining the outcome of this litigation and because maintenance of the action as a class action is a superior manner in which to coordinate the litigation.

### COUNT I (Violation of Alabama Deceptive Trade Practices Act)

52. Plaintiff individually and on behalf of the proposed Class incorporates all preceding allegations of their Class Action Complaint ad though fully set forth herein.

53. Defendants' actions and the actions of persons under Defendants' direct and indirect control violated the Alabama Deceptive Trade Practices Act ("ADTPA"), Ala. Code Ann.8-19-1, et seq.: Those actions include a refusal to submit valid bills to patients' private health insurance and instead asserting liens or otherwise taking payment from patients.

54. Defendants and persons under their direct or indirect control engaged in unconscionable, false, deceptive and consumer-oriented acts or practices in business, commerce, or trade by refusing to submit valid health insurance claims and instead asserting liens, taking a patient's medical payments coverage or taking money directly from patients in violation of their agreements with health insurance companies.

55. Defendants and persons under Defendants' direct or indirect control have breached the ADTPA by their actions, which include but are not limited to the following:

   a. Failing to submit bills to and/or honor contractual discounts from health insurance carriers despite a contractual obligation to do so;
   b. Concealing, suppressing, and/or omitting the (act that Defendants will not submit bills to or accept payments from health insurance carriers despite contractual obligations to do so;
   c. Concealing, suppressing, and/or omitting the fact that Defendants will not honor agreed-to balance adjustments, or "discounts," despite obligations to offer said adjustments to insured patients;
   d. Misrepresenting Defendants' health care centers as businesses that will accept and submit bills to valid health insurance carriers with whom Defendants have provider agreements;
   e. Deceiving their patients to believe their bills are covered by health insurance when Defendants intend to seek payment for services from other sources, including directly from patients, via medical payment benefits from patients' auto

    insurer, by placing liens on patients' property, or by submitting patients' bills to collection agencies;

  f. Violating the duty of good faith in performing health care services by failing to disclose their unfair billing practices to patients and prospective patients;

  g. Committing an unfair practice by violating the public policy and/or common laws of this state.

56. Defendants knew or reasonably should have known of the existence of facts by reason of which Defendants should have known persons under their direct and indirect control committed violations of the ADTPA.

57. Defendants' conduct as set forth herein proximately caused Plaintiff who is consumers, actual injuries and damages.

58. Plaintiff individually and on behalf of the proposed Class are entitled to their actual damages, prejudgment interest, and attorney's fees and costs incurred herein in amount which exceeds that required for federal diversity jurisdiction.

### **COUNT II (Tortious Interference with Contractual Relationship/Business Expectancy)**

59. Plaintiff individually and on behalf of the proposed Class incorporates all preceding allegations of their Class Action Complaint ad though fully set forth herein.

60. Plaintiff enjoyed a valid business expectancy and/or contractual relationship with their own health insurance providers by virtue of an express or implied contract that Plaintiff had with their health insurance earner.

61. Defendants were informed and had actual knowledge of the above-described business expectancies and contractual relationships involving Plaintiff and their respective health insurance carriers.

62. Defendants intentionally and improperly interfered with and caused a disruption of the business expectancies and contractual relationships of Plaintiff by preventing them from receiving the benefit of their contractual business relationships with their respective health insurance carriers. Defendants did so without justification or privilege in a malicious attempt to procure additional monies that it was not entitled to, and with reckless disregard for the damage and harm such action would have on Plaintiff.

63. Defendants' actions resulted in Plaintiff having paid premiums but receiving no benefit, the premiums effectively wasted and the would-be coverage rendered illusory. Defendant's actions thus proximately caused Plaintiff damages.

64. Plaintiff individually and on behalf of the proposed Class are entitled to compensatory damages, punitive damages, and prejudgment interest in amount that exceeds that which is required for federal diversity jurisdiction.

## COUNT III (Unjust Enrichment)

65. Plaintiff individually and on behalf of the proposed Class incorporates all preceding allegations of their Class Action Complaint ad though fully set forth herein.

66. As alleged above, Defendants have engaged in a pattern of subverting the financial interests and contractual agreements of Plaintiff-patients of the Defendants' hospitals- for their own pecuniary gain.

67. Defendants' conduct was the activation of a plan or scheme to profit by misappropriating confidential information and engage in their monetary superiority in receiving funds from Plaintiff's healthcare.

68. Defendants have been unjustly enriched in that they received and retained the benefits of proceeds to which it was not entitled to and received in violation of Alabama law.

69. Said benefits were conferred on Defendants by Plaintiff, and unlawfully obtained to the detriment of Plaintiff.

70. Defendants' retention of these funds is unjust because payment for the services provided should have come from Plaintiff's health insurance carriers, and the reasonable value for Defendants' services determined by the contracts between Defendant and the carriers.

71. Allowing Defendants to retain the aforementioned benefits violates fundamental principles of justice, equity, and good conscience.

## COUNT IV (Money Paid by Mistake)

72. Plaintiff incorporates all preceding allegations of his Class Action Complaint as though fully set forth herein.

73. Plaintiff under mistake of fact due to the lien Defendants wrongfully asserts issued monies due to them to Defendants.

74. Defendants intentionally and improperly interfered with and caused a disruption of the expectancies and fiduciary freedoms of Plaintiff by preventing him from receiving the

benefit of his monetary rights with his respective imbursement of funds resulting from his claims. Defendants did so without justification or privilege in a malicious attempt to procure additional monies that it was not entitled to, and with reckless disregard for the damage and harm such action would have on Plaintiff.

75. Defendants' actions resulted in Plaintiff having paid Defendants assuming an obligation that did not exist; Plaintiff was effectively deprived of his entitled settlements by the Defendants wrongful assertions.

76. Plaintiff individually and on behalf of the proposed Class is entitled to compensatory damages, punitive damages, and prejudgment interest.

### COUNT V (Civil Conspiracy)

77. Plaintiff individually and on behalf of the proposed Class incorporates all preceding allegations of his Class Action Complaint ad though fully set forth herein.

78. Plaintiff avers that Defendants have engaged in a civil conspiracy to commit and cooperate in the commitment of the tortious activity described above.

79. Defendants engaged in a plan or scheme of cooperation to improperly acquire Plaintiff's healthcare and confidential information and materials to his own use.

80. Defendants were or should be aware of the impropriety of the actions of the individuals Defendants to work from the onset of Plaintiff's medical treatment to access and convert the information to be used in later asserting the medical lien against Plaintiff

81. Defendants actions are a cause of combinations of all Defendants in a plan, scheme and conspiracy to harm the Plaintiff's financial position of recovery for their own gain.

82. As a proximate consequence thereof, Plaintiff individually and on behalf of the proposed Class were caused to suffer financial harm and are entitled to compensatory damages, punitive damages, and prejudgment interest.

### COUNT VI (Breach of Contract - Third Party Beneficiary)

83. Plaintiff individually and on behalf of the proposed Class incorporates all preceding allegations of his Class Action Complaint ad though fully set forth herein.

84. Plaintiff alleges that he and Defendants Avectus and Nominal Defendants Blue Cross Blue Shield, Inc. entered into an express contract.

85. Plaintiff alleges that he was the intended beneficiary of those contracts because they would be the actual customers receiving health care.

86. All Defendants knew that Plaintiff would benefit from their contracts and that Plaintiff could be harmed by any breach of the contracts by any Defendant.

87. Plaintiff further alleges the Defendants breached the various contracts and, therefore, Plaintiff is entitled to damages as third-party beneficiaries because Plaintiff suffered damages as a result of the breach.

88. As a direct and proximate result of the actions of Defendants, which combined and concurred to form the basis of this suit, Plaintiff individually and on behalf of the proposed Class has suffered damages.

## COUNT VII (Injunctive Relief)

89. Plaintiff individually and on behalf of the proposed Class incorporates all preceding allegations of his Class Action Complaint ad though fully set forth herein.

90. Upon information and belief, Defendants were required by their contracts with Blue Cross Blue Shield, to submit Plaintiff medical bills to their health insurers for payment.

91. Upon information and belief, Defendants are required by their contracts with various other health insurance carriers to submit the Plaintiff's medical bills directly to those carriers for payment.

92. Upon information and belief, Defendants are also required to honor a contractual discount with their patients' health insurance carriers and accept discounted payments from those health insurance carriers in satisfaction of the patients' bills.

93. Upon information and belief, Defendants failed to honor contractually agreed-upon discounts regarding Plaintiff's medical bills at issue in this case.

94. Upon information and belief, Defendants failed to honor their contractual commitment to submit the medical bills of insured patients to his/her insurance company.

95. Upon information and belief, Defendants are precluded by their contracts with private health insurance carriers (such as the named Plaintiff's insurer, Blue Cross Blue, from seeking payment for covered services from other sources, including from the patient directly, medical payment benefits from the patients' auto insurer, turning the bills over to collections, and/or filing liens against patients' property, including personal injury claims.

96. Through Defendants' bill collection practices, they attempt to optimize the amount received for services rendered by seeking from patients the full amount billed (or more than they

are entitled to for the covered treatment), rather than accepting the discounted amount they have agreed to accept from the patient's health insurance carrier.

97. By employing such a policy and business model, Defendants are violating the terms of their health insurance provider agreements (including the agreement with Blue Cross Blue Shield) and have unlawfully violated the rights of Plaintiff.

98. A real and subsisting controversy exists between the parties hereto concerning the validity of Defendants' policies and procedures.

99. Plaintiff requests this Court declare that Defendants, through their actions, policies, procedures and misconduct as alleged herein, have violated the terms of their agreements with the various health insurance providers and said policies and procedures should be declared invalid and void as a matter of law and enter a permanent injunction enjoining Defendants from engaging in the unlawful billing practices as detailed herein and for such other and further relief as the Court deems just and proper.

## JURY DEMAND

100. Plaintiff individually and on behalf of the proposed Class demands a jury trial. PRAYER FOR RELIEF WHEREFORE, Plaintiff individually and on behalf of the proposed Class respectfully pray for judgment against the Defendants as follows:

    a. For an Order certifying that this action may be maintained as a class action and appointing Plaintiff and her counsel to represent the class;

    b. For a declaration that Defendants' actions violated Plaintiff's rights under Alabama law as pleaded in Counts I thru IV;

    c. For all actual damages, statutory damages, punitive damages, penalties, and remedies available for the Defendants' violations of Plaintiff's rights under Alabama law in an amount which exceeds that required for federal diversity jurisdiction;

    d. For a declaration that Defendants, through their actions and misconduct as alleged above, have been unjustly enriched and an order that Defendants disgorge any unlawfully gained proceeds;

    e. For pre-judgment interest as provided by law;

    f. For post-judgment interest as provided by law;

  g. For declaratory relief and a permanent injunction against Defendants from engaging in the unlawful billing practices as detailed in the paragraphs above;

  h. For an award to Plaintiff of his reasonable attorneys' fees;

  i. For an award to Plaintiff of his costs and expenses of this action;

  j. For such other and further relief as the Court may deem necessary and proper under Alabama law.

Respectfully submitted this 25th day of May, 2017.

/s/ *J. Allen Schreiber*
J. Allen Schreiber (ASB-2540-R76J)

/s/ *Lauren E. Miles*
Lauren E. Miles (ASB-3564-T63E)

**OF COUNSEL:**
Burke Harvey, LLC
3535 Grandview Parkway, Suite 100
Birmingham, AL 35243
Phone:  205-930-9091
Fax:  205-930-9054
aschreiber@burkeharvey.com
lmiles@burkeharvey.com

*ATTORNEYS FOR PLAINTIFF*

**PLEASE SERVE BY CERTIFIED MAIL AS FOLLOWS**

**DCH Regional Medical Center**
809 University Blvd. E.
Tuscaloosa, AL 35401

**DCH Health Systems**
809 University Blvd. E.
Tuscaloosa, AL 35401

**Avectus Healthcare Solutions, LLC**
503 Cruise Street
Corinth, MS 38834

**Blue Cross Blue Shield of Alabama**
450 Riverchase Parkway East
Birmingham, AL 35244